# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| CresCom Bank, successor by merger to Community FirstBank ) ) ) | |
| Plaintiff, ) | Case No.: 2:12-cv-00063-PMD |
| v. ) | **ORDER** |
| Edward L. Terry, Harris Street, LLC, n/k/a CCT Reserve, LLC; Sugarloaf Marketplace, LLC; and CCT Reserve, LLC ) ) ) ) ) | |
| Defendants. ) | |

This matter is before the Court upon Defendant Edward L. Terry's ("Terry") Motion to Alter, Amend, or Reconsider ("Motion to Amend") the Court's Order of July 31, 2012 ("Order"). In the Order, the Court denied Terry's Motion to Dismiss or Transfer Venue. The Court held that Plaintiff had established a prima facie showing of a jurisdictional basis over Terry. After reviewing the Order, the Court denies Terry's Motion to Amend.

## STANDARD OF REVIEW

Reconsideration of a judgment is an extraordinary remedy that should be used sparingly. *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion to alter or amend a judgment may be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Id.* "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present

1

evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation omitted).

## ANALYSIS

Although Plaintiff's Complaint alleges that each contract at issue in this case was executed in South Carolina, Terry swore in his affidavit that he executed the guaranty contracts in Georgia.  Terry argues that because he contradicted Plaintiff's allegations in his affidavit, Plaintiff had the burden to present an affidavit or other evidence that the guaranty agreements were executed in South Carolina.  Terry further contends that Plaintiff failed to present such evidence, and thus "the Court clearly erred by finding that the guaranty agreements were executed in South Carolina."  Terry's Mot. to Am. 3.  According to Terry, "the uncontroverted evidence shows that [he] signed the guaranty agreements in Georgia, which makes a compelling case that he purposefully availed himself of the benefits and protections of Georgia—not South Carolina—law." *Id.* at 5.

The Court disagrees with Terry's contention that Plaintiff failed to present evidence, beyond the pleadings, that the guaranty agreements were executed in South Carolina.  As explained in the Order, Plaintiff filed copies of "guaranty contracts . . . captioned 'Charleston, SC,' and nowhere on the contracts did anyone note that [the agreements] were being executed anywhere other than South Carolina."  Order 9, July 31, 2012.  Thus, Plaintiff presented evidence—the guaranty agreements captioned "Charleston, SC"—that controverts Terry's affidavit swearing that he executed the agreements in Georgia.

In determining the existence of personal jurisdiction, this Court "must draw all reasonable inferences from both parties' pleadings, even if they conflict, in the plaintiff's favor." *Tetrev v. Pride Intern., Inc.*, 465 F. Supp. 2d 555, 558 (D.S.C. 2006) (citing *Meier ex rel. Meier*

*v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) ("Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff.")). Because the Court properly drew all reasonable inferences regarding jurisdictional facts in Plaintiff's favor, there was no clear error of law.[1] Accordingly, the Court denies Defendant Terry's Motion to Amend.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Terry's Motion to Alter, Amend, or Reconsider is **DENIED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 26, 2012**
**Charleston, SC**

---

[1] The Court similarly finds no clear error of law in the Order's application of the "corporate shield doctrine" or in the inferences drawn in favor of Plaintiff regarding Terry's meetings and conversations with Plaintiff.

3