IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DISTRICT

| | |
|---|---|
| CresCom Bank, successor by merger to Community FirstBank, ) ) ) Plaintiff, ) ) vs. ) ) Edward L. Terry, Harris Street, LLC, n/k/a ) CCT Reserve, LLC; Sugarloaf Marketplace, ) LLC; and CCT Reserve, LLC ) ) Defendants. ) ) | Case No. 2:12-cv-00063-PMD<br><br>**Defendant Edward L. Terry's Motion to Compel** |

Pursuant to FED. R. CIV. PRO. 37, Defendant Edward L. Terry ("Terry") hereby moves for an Order compelling Plaintiff CresCom Bank ("CresCom") to produce in full certain documents that were withheld from production on the basis of the attorney-client privilege or attorney work product on the grounds that the documents are not rightfully privileged. In support of the motion, Defendant Terry respectfully shows as follows:

1.  On February 28, 2013, counsel for Plaintiff CresCom provided Defendant Terry's counsel with a privilege log objecting to the production of certain documents on the grounds they are purportedly protected from discovery by the attorney-client privilege or attorney work product doctrine. A true and correct copy of the privilege log is attached hereto as "Exhibit A." The privilege log lists documents that are bate-stamped 4980-5011 and which are described as being "invoices and correspondence relating to attorney fees." No dates are given for the documents. The persons who created, sent, received, or were copied on the documents are not disclosed. The subject matter of the

1

documents is not indicated. No other information is given to allow Defendant Terry to evaluate the assertion of privilege for these documents.

2.   On March 5, 2013, Defendant Terry's counsel sent a letter to Plaintiff CresCom's counsel requesting that Plaintiff CresCom supplement its privilege log to provide the following information for each document withheld on the basis of privilege: the date of the particular document; the identities of its author, sender, and recipient(s); and a brief description of the subject matter of the document. A true and correct copy of the letter is attached hereto as "Exhibit B."

3.   On March 6, 2013, Plaintiff CresCom's counsel responded to the letter via e-mail and advised that the previously withheld documents are copies of her law firm's billing statements. Defendant Terry's counsel responded via e-mail later that same day and asserted the billing statements are not protected by a wholesale privilege and requested production of the non-privileged information in the bills. A true and correct copy of counsel's exchange of e-mails is attached hereto as "Exhibit C."

4.   Plaintiff CresCom's counsel subsequently advised Defendant Terry's counsel that she is willing to provide redacted copies of her firm's billing statements, but those documents have not yet been produced to Defendant Terry as of the filing of this motion. CresCom's counsel indicated that the redacted documents would be provided sometime during the week of March 25, 2013.

5.   Defendant Terry's twenty-one day deadline for filing a motion to compel involving the privilege log is set to expire on March 21, 2013, pursuant to Local Rule 37.01(A). Accordingly, prior to filing this motion, Defendant Terry's counsel requested that Plaintiff CresCom's counsel consent to an extension of the deadline until March 29,

2013, so the parties can continue efforts to resolve these issues by agreement, but he was unable to obtain Plaintiff CresCom's consent to this request before close of business today. Accordingly, Defendant Terry's counsel is filing this motion to protect Defendant Terry's position, but will continue to try to resolve these issues with opposing counsel if possible. If the parties are able to resolve the matter by agreement, the parties will immediately notify the Court. If the parties are unable to resolve the matter, then Defendant Terry respectfully submits that the billing statements are not privileged and should be produced.

6. FED. R. CIV. P. 26(b)(5)(A) provides that when a party withholds information otherwise discoverable by claiming it is privileged, the party must "expressly make the claim" and must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). Courts have generally held that the required specificity may be accomplished by providing a privilege log identifying each document withheld, providing information regarding the nature of the privilege/protection claimed, identifying the name of the person making/receiving the communication, stating the date and place of the communication, and describing the document's general subject matter. *Richardson v. Sexual Assault/Spouse Abuse Research Ctr., Inc.*, 270 F.R.D. 223, 228 (D. Md. 2010); *Vaughan v. Celanese Americas Corp.*, 2006 WL 3592538, *3 (W.D.N.C. Dec. 11, 2006); *In re Copper Market Antitrust Litigation,* 200 F.R.D. 213, 223-24 (S.D.N.Y.2001); *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).

7. A law firm's billing statements are not generally privileged. *See In re*

3

*Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 353-54 (4th Cir. 1994) (attorney's billing records, expense reports, and travel records are not generally privileged as attorney-client communications. The attorney-client privilege normally does not extend to the payment of attorney's fees and expenses.); *North Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 517 (M.D.N.C. 1986) ("Billing records and attorney hourly statements which do not reveal client communications are not privileged."); *Rayman v. American Charter Fed. Savs. & Loan Ass'n*, 148 F.R.D. 647, 660 (D. Neb. 1993) (holding that billing statements are neither privileged nor work-product protected).

8.     Based on the above, Defendant Terry respectfully submits that the "invoices and correspondence relating to attorney fees" bate-stamped as 4980-5011 are not privileged and should be produced.

9.     The undersigned hereby affirms that counsel for Defendant Terry has attempted in good faith to resolve the matters contained in the motion with opposing counsel as required by Local Rule 7.02 but was unsuccessful.

10.     Because this motion contains a full explanation of the motion, sets forth the legal authorities supporting Defendant Terry's position, and a separate memorandum would serve no useful purpose, a separate memorandum of law is not being submitted with this motion. *See* D.S.C. Local Rule 7.04.

WHEREFORE, Defendant Terry respectfully moves this Honorable Court for an order requiring Plaintiff CresCom to produce in full the records and documents bate-stamped as 4980-5011 that were withheld from production on the basis of attorney-client

4

privilege or attorney work product and awarding such other and further relief as the Court may deem just and proper.

                         Respectfully submitted,

                         ROSEN, ROSEN & HAGOOD, LLC

*Reviewed and Approved for Electronic Transmission*
                         Richard S. Rosen, I.D. No. 3648
                         rsrosen@rrhlawfirm.com
                         Daniel F. Blanchard, III, I.D. No. 6285
                         dblanchard@rrhlawfirm.com
                         151 Meeting Street, Suite 400
                         P. O. Box 893
                         Charleston, SC  29402
                         (843) 577-6726 telephone
                         (843) 724-8036 facsimile
                         ATTORNEYS FOR DEFENDANT
                         EDWARD L. TERRY

Charleston, South Carolina
March 21, 2013.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DISTRICT

| | | |
|---|---|---|
| CresCom Bank, successor by merger to Community FirstBank, | ) ) ) | Case No. 2:12-cv-00063-PMD |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| Edward L. Terry, Harris Street, LLC, n/k/a CCT Reserve, LLC; Sugarloaf Marketplace, LLC; and CCT Reserve, LLC | ) ) ) ) ) | **Certificate of Service** |
| Defendants. | ) ) | |

This is to certify that I have this date filed the foregoing document on the CM/ECF system, which served the document on all parties or their counsel.

This 21st day of March, 2013.

Respectfully submitted,

ROSEN, ROSEN & HAGOOD, LLC

*Re* /s/ Daniel F. Blanchard

Daniel F. Blanchard, III, Fed. I.D. No. 6285
Attorney for Defendant Edward L. Terry

6