**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| CresCom Bank, successor by merger to Community FirstBank, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 2:12-cv-00063-PMD |
| v. | ) ) | **ORDER** |
| Edward L. Terry; Harris Street, LLC, n/k/a CCT Reserve, LLC; Sugarloaf Marketplace, LLC; and CCT Reserve, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court upon Defendant Edward L. Terry's ("Terry") Motion to Compel, filed on June 12, 2013. For the reasons that follow, the Court denies Terry's motion.

**BACKGROUND**

On January 5, 2012, Plaintiff CresCom Bank ("CresCom") sued Defendant CCT Reserve, LLC ("CCT") to recover on four separate loans secured by promissory notes and mortgages executed by CCT and its predecessor companies.[1] CresCom also sued Terry as the guarantor of the promissory notes. On November 2, 2012, CresCom served its responses to Terry's Requests for Production. Due to the volume of documents, Terry's counsel was offered the ability to inspect the documents at the office of CresCom's counsel. In December 2012, Terry's counsel conducted that review and designated portions of the records to be copied, which resulted in the production of more than 5,000 pages of documents. CresCom subsequently provided a privilege

---

[1] On February 4, 2011, Defendants Harris Street, LLC, and Sugarloaf Marketplace, LLC, were merged into CCT Reserve, LLC.

log on February 28, 2013.  Eleven pages containing redacted portions were not included in the privilege log.  Terry now moves to compel production of unredacted copies of those documents.

Terry also moves to compel production of unredacted copies of the documents bate-stamped 04680-05047, which are invoices and documents relating to CresCom's attorneys' fees and expenses incurred in this litigation.  On March 21, 2013, Terry filed a motion to compel production of these documents.  After CresCom failed to file a response or opposition to the motion, this Court entered an order on April 9, 2013, granting Terry's motion and directing CresCom to produce the requested documents ("April 9 Order").  On April 24, 2013, CresCom produced redacted versions of the documents.  Terry now moves to compel production of unredacted copies of those documents.  Terry also requests that the Court award him his attorneys' fees incurred in connection with the instant motion.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  If a party fails to produce a requested document, the requesting party may move for an order compelling production.  *Id.* 37(a)(3)(B).  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  *Id.* 26(b)(1).

## ANALYSIS

### I.    Documents CCB 01893, 02427, 02480-02485, and 03708-03710

Terry moves to compel production of unredacted copies of the eleven pages that were included with the original production but were not included on the privilege log.  CresCom argues that Terry's motion is untimely under Local Rule 37.01, which provides that "[m]otions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed."  Local Rule 37.01(A), D.S.C.  The instant motion to compel was filed on June 12, 2013, which was months after the documents and the privilege log had been produced.  Terry replies that although his motion was not filed within twenty-one days after his counsel received the documents, it was filed within twenty-one days of counsel's realization that CresCom had redacted portions of the documents in question, which redactions were not disclosed on CresCom's privilege log or otherwise brought to counsel's attention.  Thus, Terry maintains that his motion was timely.

South Carolina district courts have "discretion to consider an untimely motion to compel if the movant offers an acceptable explanation for the motion's tardiness."  *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quotations and alterations omitted).  Given that the documents at issue were not listed in the privilege log and that Terry's counsel had over 5,000 pages of documentation to review, Terry's explanation—that counsel did not discover these documents until within twenty-one days prior to filing this motion—is acceptable.  Therefore, the Court will excuse Terry's delay in filing this motion to compel.

With regard to documents CCB 01893 & 02427, CresCom contends that these are duplicate documents that were produced to counsel already redacted.  CresCom asserts that it is attempting to locate unredacted versions of these documents to produce to Terry.  Because

CresCom has consented to produce these documents if they can be found, the Court finds it unnecessary to compel production of these documents at this time.

The remaining documents at issue are CCB 02480-02485 & 03708-03710. CresCom contends that these documents are emails or email chains that included CresCom's counsel, Charles S. Altman. CresCom explains that it redacted only those portions of the emails that include communications from Mr. Altman. Accordingly, Crescom maintains that the redacted portions are protected under the work product doctrine and the attorney-client privilege. Terry does not respond directly to CresCom's argument that the redacted portions are privileged or protected work product; instead, Terry maintains that CresCom's failure to timely provide a privilege log addressing these documents waives any claim of privilege.

Rule 26(b) provides that when a party withholds information otherwise discoverable by claiming that the information is privileged, the party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Although CresCom failed to include entries for these documents in the privilege log, it did produce the documents in a redacted state, which put Terry on notice that CresCom was withholding some information in those documents. From the face of the documents, it is apparent that the documents are emails and that the redacted portions involve communications to and from CresCom's counsel. Therefore, even without an entry in the privilege log, the documents themselves provide Terry with enough information to identify the nature of the documents and to assess CresCom's claim that the redacted portions are privileged.[2] As mentioned above, Terry

---

[2] The Court notes that most of the documents in question contain ample information from which a reader can infer the substance of the redacted portions. For instance, in the email chain on CCB 02480-02482, although counsel's

does not dispute CresCom's assertion that the redacted information is communication protected by the attorney-client privilege. Instead, he insists that the mere failure to include these documents in the privilege log is sufficient to waive all privileges. Although in some cases a "[f]ailure to produce a timely or sufficient privilege log *may* constitute a forfeiture of any claims of privilege," the Court does not find such a waiver here. *AVX Corp. v. Horry Land Co., Inc.*, No. 4:07-cv-3299-TLW-TER, 2010 WL 4884903, at *4 (D.S.C. Nov. 24, 2010) (emphasis added).

Upon review of the documents in the record, the Court is satisfied that the redacted portions of CCB 02480-02484 and CCB 03708-03710 involve communications protected by the attorney-client privilege. The attorney-client privilege protects "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." *Fisher v. United States*, 425 U.S. 391, 403 (1976). The privilege is meant to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The attorney-client privilege "protects not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer and the gathering of information by the attorney to enable him to give informed advice." *AVX Corp. v. Horry Land Co., Inc.*, C.A. No. 4:07-cv-3299-TLW-TER, 2010 WL 4884903, at *4 (D.S.C. Nov. 24, 2010) (quotations and citations omitted). "What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961). Each of these communications clearly originated from

---

initial email has been redacted, four subsequent emails between CresCom employees have been produced in an unredacted form, providing information about the recipients of counsel's email and the basic subject matter. Similar information is available for CCB 02483-02484.

CresCom's counsel and seems to be sent to CresCom employees for the purpose of rendering legal advice. Thus, the Court denies Terry's motion as to these documents.

As for CCB 02485-02486, the only information redacted on these pages is the name of the sender and the main recipient of the email; the carbon-copy recipients, subject heading, and body of the email have not been redacted, nor has any part of the initial email been redacted. The body of the email shows the name of the main recipient ("Larry") and the initials of the sender ("BT"), which correspond with the names of the sender and recipient of the original email. Although the redacted portions of this email do not appear to be protected by either the attorney-client privilege or the work product doctrine, the Court finds it unnecessary to compel production of the unredacted email because the missing information can be deduced from the document. *See* Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery . . . ."). Thus, the Court denies Terry's motion as to these two pages.

## II.     Documents CCB 04680-05047

Following the Court's April 9 Order compelling production of the invoices and billing statements contained in CCB 04680-05047,[3] CresCom produced redacted versions of those documents on April 24, 2013. Terry filed the instant motion to compel forty-nine days later, well beyond the twenty-one day limitation period required under Local Rule 37.01. Although Terry concedes that he did not file his motion within the required time period, he does not offer any explanation for the delay. Instead, he argues that Local Rule 37.01 applies only to motions to compel discovery responses filed under Federal Rule of Civil Procedure 37(a), and not to motions seeking sanctions or compliance with a court's discovery order under Rule 37(b).

---

[3] Because the first motion to compel was not challenged, the Court followed its practice of stamping "GRANTED" on the first page of the motion. Therefore, the Court's order did not evaluate the specific requests made in that motion. In the first motion, Terry requested that CresCom produce in full the records and documents that were withheld from production. In contrast, this motion specifically seeks production of the *unredacted* versions of those documents, as CresCom produced redacted versions in response to the Court's stamped order.

6

However, even assuming *arguendo* that Terry's narrow reading of Local Rule 37.01 is correct, his motion does not allege noncompliance with a court order nor is it titled a motion for sanctions.  Instead, Terry's motion is called a "Motion to Compel"; acknowledges that CresCom produced documents in response to the Court's April 9 Order but argues that those documents contained overly broad redactions; requests attorneys' fees in conjunction with the instant Motion to Compel; and never uses the word "sanction."  The Court concludes that Terry's motion, which seeks to compel production of unredacted copies of documents that CresCom produced in redacted form, is a motion to compel that should have been filed within the twenty-one day period.  Because it was not timely filed, and because Terry failed to provide an acceptable explanation for the delay, the Court denies Terry's motion to compel unredacted copies of CCB 04680-05047.[4]  The Court also denies Terry's request for attorneys' fees.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Terry's Motion to Compel is **DENIED**.

PATRICK MICHAEL DUFFY
United States District Judge

**July 31, 2013**
**Charleston, SC**

---

[4] Although the Court denies production of the unredacted documents at this stage in the litigation, the Court acknowledges that such production may become necessary if CresCom's suit is successful.  The attorneys' fees incurred by CresCom during the course of this litigation will become an issue if the Court enters final judgment in favor of CresCom and CresCom files a motion for attorneys' fees.  At that time, CresCom may have to produce documents, such as full unredacted billing statements, to support its request for fees.