IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CresCom Bank, successor by merger to Community FirstBank, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 2:12-cv-00063-PMD |
| v. | ) ) | **ORDER** |
| Edward L. Terry; Harris Street, LLC, n/k/a CCT Reserve, LLC; Sugarloaf Marketplace, LLC; and CCT Reserve, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendant Edward L. Terry's motion for relief pursuant to Federal Rule of Civil Procedure 60 (ECF No. 93). Terry asks the Court to amend its prior damages award and to vacate a writ of execution that is based upon that award. For the reasons stated herein, the Court grants Terry's motion.

In 2013, the Court granted Plaintiff CresCom Bank summary judgment and entered a money judgment of damages in the amount of $2,171,211.04. However, the Court denied CresCom's request for attorney's fees. Both CresCom and Terry appealed.

In May 2015, the Fourth Circuit substantially affirmed this Court's order granting CresCom summary judgment but vacated the award of a late fee on the full outstanding principal. *CresCom Bank v. Terry*, 610 F. App'x 221, 226–33 (4th Cir. 2015). Therefore, as to Terry's appeal, the Fourth Circuit directed this Court to reduce CresCom's award by $183,601.49. *Id.* at 233. As to CresCom's cross-appeal, the Fourth Circuit reversed this Court's denial of CresCom's request for attorney's fees it incurred by participating in related bankruptcy proceedings. Accordingly, the Fourth Circuit remanded the matter with instructions to award CresCom attorney's fees stemming from its participation in those proceedings. *Id.* at 236.

On remand, the Court directed the parties to supplement the record so that it could determine the amount attorney's fees allocable to the bankruptcy proceedings. Instead, CresCom withdrew its claim for attorney's fees. In light of that, the Court took no further action until March 2016, when CresCom asked the Court to issue a writ of execution against Terry. In connection with that request, CresCrom provided a proposed writ stating that the judgment amount against Terry is $2,171,211.04—the amount that this Court awarded before the Fourth Circuit. The Court signed the proposed writ.

Terry then filed his Rule 60 motion, arguing that the writ misstates the amount of the judgment against him. He asks the Court to vacate the writ and to enter an order amending the damages award to conform to the Fourth Circuit's opinion.

When a court's oversight or omission leads to a mistake in a judgment, an order, or other parts of the record, Rule 60(a) allows the court to correct the mistake. Here, the Court did not enter a formal, written order carrying out the Fourth Circuit's directive to reduce the damages award. That omission led to the mistaken issuance of an execution writ that is technically accurate, in that it matches the amount of damages listed on the Court's judgment, but is nonetheless inconsistent with the Fourth Circuit's decision.

For the reasons stated above, it is ordered that Terry's motion is **GRANTED**. This Court's November 25, 2013 damages order (ECF No. 73) is hereby **AMENDED** to reduce the previous award of $2,171,211.04 by $183,601.49, such that CresCom's total award is $1,987,609.55. An amended judgment shall be issued to supersede the judgment entered on November 26, 2013 (ECF No. 74). The amended judgment shall be considered effective as of November 26, 2013. The post-judgment interest rate from the original judgment shall apply.

It is **FURTHER ORDERED** that this Court's March 10, 2013 writ of execution (ECF No. 91) is hereby **VACATED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 22, 2016**
**Charleston, South Carolina**

3